Filed 1/24/24  P. v. Weitzeil CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081727 |
| v. | (Super.Ct.Nos. RIF2204078, RIF2204402, RIF2204076, RIF2205555) |
| JEREMY SCOTT WEITZEIL, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed and Jason Armand, Judges.  Affirmed.

Jo Pastore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Pursuant to a negotiated disposition of nine years four months, defendant and appellant Jeremy Scott Weitzeil pled guilty in five different cases to five felony offenses and agreed to a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247, 1254 (*Cruz*) under which he was released from custody in return for promises not to commit other crimes and to return for sentencing. Defendant did not return for sentencing as he was in custody in San Bernardino County for committing a new crime. Due to violating the *Cruz* waiver, the trial court sentenced defendant to an aggregate term of 11 years 4 months in state prison.

Defendant appeals from an order after judgment. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Based on our independent review of the record, we find no error and affirm the judgment.

II.

PROCEDURAL BACKGROUND[1]

On August 8, 2022, in case No. RIF2204078, a felony complaint was filed charging defendant with unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a); count 1), to wit, a 2021 flat bed truck, and grand theft exceeding $950 (Pen.

---

[1] The factual backgrounds of the cases are not relevant to this appeal.

Code, § 487, subd. (a); count 2). The complaint also alleged that defendant had suffered a prior vehicle theft conviction (Pen. Code, § 666.5, subd. (a)) and a prior serious and violent felony strike conviction (Pen. Code, §§ 667, subds. (c) & (e), 1170.12, subd. (c)) for a 2009 assault upon a peace officer.

On this same date, August 8, 2022, in case No. RIF2204076, another felony complaint was filed against defendant charging him with unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a); count 1), to wit, a 2012 BigTX trailer, with a prior vehicle theft conviction (Pen. Code, § 666.5, subd. (a)) and second degree burglary (Pen. Code, § 459; count 2). The complaint also alleged that defendant had suffered a prior strike conviction (Pen. Code, §§ 667, subds. (c) & (e), 1170.12, subd. (c)).

On August 25, 2022, in case No. RIF2204402, a third felony complaint was filed against defendant charging him with receiving a stolen vehicle (Pen. Code, § 496d, subd. (a); count 1), with a prior vehicle theft conviction (Pen. Code, § 666.5, subd. (a)). The complaint again alleged that defendant had suffered a prior strike conviction (Pen. Code, §§ 667, subds. (c) & (e), 1170.12, subd. (c)).

On November 8, 2022, in case No. RIF2205555, a fourth felony complaint was filed against defendant charging him with second degree burglary (Pen. Code, § 459; count 1) and possession of burglary tools (Pen. Code, § 466). The complaint also alleged that defendant had a prior strike conviction (Pen. Code, §§ 667, subds. (c) & (e), 1170.12, subd. (c)).

3

On December 2, 2022, pursuant to a negotiated plea agreement, defendant pled guilty to five felony charges and admitted the prior strike conviction in all four cases plus a fifth lead case.[2]  Specifically, in case No. RIF2205212, defendant pled guilty to felony fraud (Pen. Code, § 550, subd. (a)(1)) and admitted the prior strike conviction.  In return, defendant was promised a stipulated low term of two years doubled to four years due to the prior strike.  In case No. RIF2204078, defendant pled guilty to unlawfully taking or driving a vehicle and admitted the same prior strike conviction.  In return, defendant was promised a stipulated middle term of one year four months to be served consecutive to case No. RIF2205212.  In case No. RIF2204076, defendant pled guilty to unlawfully taking or driving a vehicle and admitted the same prior strike.  In return, defendant was promised a stipulated middle term of one year four months to be served consecutively.  In case No. RIF2204402, defendant pled guilty to receiving a stolen vehicle and admitted the same prior strike.  In exchange, defendant was promised a stipulated middle term of one year four months to be served consecutively.  Lastly, in case No. RIF2205555, defendant pled guilty to second degree burglary and admitted the same prior strike.  In exchange, defendant was promised a stipulated middle term of one year four months to be served consecutively.  Defendant's total stipulated sentence was nine years four months.  The parties also agreed that the remaining charges would be dismissed and that defendant would enter a *Cruz* waiver allowing him to be released on his own

---

[2] As defendant's appellate counsel notes, the clerk's transcript does not contain information pertaining to the fifth case, case No. RIF2205212.  However, the reporter's transcript and other documents in the clerk's transcript adequately reflect the plea agreement.

recognizance with the understanding that if he did not return for sentencing on March 9, 2023, or incurred a new criminal case, the plea agreement would be void and he would, instead, be sentenced to the middle term on the principal lead case, case No. RIF2205212, to six years and that defendant would receive an aggregate sentence of 11 years 4 months.

Prior to pleading guilty and admitting to the prior strike conviction in all five cases, defendant executed and signed felony plea forms. The trial court went over the plea form and the plea agreement in each case with defendant at the December 2, 2022, hearing. In response to the trial court's query, defendant indicated that he understood the plea agreement, that he had initialed and signed the plea forms, that he understood the constitutional rights he would be waiving by pleading guilty, and that he did not need more time to speak with his attorney. After defendant's counsel joined in defendant's guilty pleas and admissions, the trial court established a factual basis for each case. After directly examining defendant, the court found that defendant understood his plea agreements and the consequences of his guilty pleas; that defendant had knowingly and intelligently waived his constitutional rights; that defendant had freely and voluntarily given his guilty pleas and admissions; and that there was a factual basis for his pleas. The court thereafter ordered defendant to return to court on March 9, 2023, for sentencing and explained the *Cruz* waiver to defendant. The court advised defendant that if he did not return for sentencing on March 9, 2023, or "pick[ed] up a new case," then he would be sentenced to the middle term of six years on the principal case.

Defendant did not appear for sentencing on March 9, 2023, as he was in custody in San Bernardino County on a new charge. The trial court revoked defendant's own recognizance release on all cases and a no-bail warrant was issued.

The sentencing hearing was held on May 22, 2023, with defendant present. The prosecutor presented a certified copy of defendant's conviction from San Bernardino County to the court. The certified conviction showed that defendant committed a burglary in San Bernardino County 10 days after he was released on the present cases. The trial court found that defendant violated the terms of his *Cruz* waiver and sentenced defendant to a total term of 11 years 4 months in state prison with 156 days' credit for time served. The court dismissed the remaining charges and granted defense counsel's request to stay or strike the fees and fines. Defendant was ordered to pay victim restitution in all his cases. Defendant timely appealed in all four cases based on the sentence or other matters occurring after the plea.[3]

III.

DISCUSSION

After defendant appealed, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436, setting forth a statement of the case and a summary of the procedural background, and requesting this court to conduct an independent review of the record. (See *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)

---

[3] The notice of appeal does not mention the principal case, case No. RIF RIF2205212.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV.

DISPOSITION

The judgments in all cases are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON          
J.

We concur:


RAMIREZ          
P. J.


MENETREZ          
J.

7